UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

UNITED STATES OF AMERICA,

                              Plaintiff,


        v.                                                **DECISION AND ORDER**
                                                              11-CR-151

JORDAN HIDALGO,

                              Defendant.

═══════════════════════════════════


For the reasons set forth herein, Defendant's recently filed *pro se* letter motion (Dkt. No. 1141) is DENIED.

## **DISCUSSION**

The Court received a third *pro se* letter motion (Dkt. No. 1141) from Defendant on May 11, 2026, which the Court has filed under seal.  The letter reiterates the requests made by Defendant in his two prior letters (*see* Dkt. Nos. 1126, 1133), regarding his BOP placement, and adds further complaints regarding his conditions of confinement at USP McCreary and claims violations of his Constitutional rights.  Again, this Court does not have the jurisdiction to grant Defendant the relief he seeks.

Instead, Defendant needs to file a habeas petition in the federal district in which he is confined, that is, the U.S. District Court for the Eastern District of

Kentucky, after he has exhausted his administrative remedies with the Federal Bureau of Prisons under 28 U.S.C. § 2241.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (stating "the general rule…for habeas petitions challenging present physical confinement," *i.e.*, that "jurisdiction lies in only one district: the district of confinement."); *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the *execution* of a sentence – in contrast to the *imposition* of a sentence – is properly filed pursuant to § 2241.") (emphases in original and internal citation omitted); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.") (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997)).

While district courts have broad discretion to transfer actions to other judicial districts in the interest of justice, they may also dismiss claims brought in the wrong district.  This Court is not persuaded that transfer to the Eastern District of Kentucky in the interest of justice, *see* U.S.C. § 1406(a), would be appropriate since Defendant's letter, even if construed in the light most favorably to him as a § 2241 petition, does not establish that he has exhausted his administrative remedies before filing it.

2

**CONCLUSION**

Accordingly, Defendant's letter motion (Dkt. No. 1141) is DENIED.

Given the nature of Defendant's allegations in the sealed letter motion,

however, the Court has provided a copy of it to the U.S. Probation Office of the

Western District of New York, with instructions to reach out to Defendant's case

manager at USP McCreary to inform him or her of the various complaints and/or

concerns expressed in Defendant's letter.


**IT IS SO ORDERED.**


_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT


Dated:  May 20, 2026
          Buffalo, New York